[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
"Concurrent jurisdiction has been a common phenomenon in our judicial history, and exclusive federal court jurisdiction over cases arising under federal law has been the exception rather than the rule." (Internal quotation marks omitted.) Tafflin v.Levitt, 493 U.S. 455, 459, 110 S.Ct. 792, 107 L.Ed.2d 887, reh'g denied, 495 U.S. 915. 110 S.Ct. 1942, 109 L.Ed.2d 305
(1990). "[T]he presumption of concurrent jurisdiction can be rebutted by an explicit statutory directive, by unmistakable implication from legislative history, or by a clear incompatibility between state-court jurisdiction and federal interests." (Internal quotation marks omitted.) Id., 459-60. "Exclusive federal-court jurisdiction over a cause of action generally is unnecessary to protect the parties. The plaintiff may choose the available forum he prefers, and the defendant may remove the case if it could have been brought originally in a federal court. 28 U.S.C. § 1441 (b)." Gulf Offshore Co. v.Mobil Oil Corp., 453 U.S. 473, 483 n. 12, 101 S.Ct. 2870,69 L.Ed.2d 784 (1981).
As to count one, this court has subject matter jurisdiction to hear a claim alleging a violation of the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. "Each United States district court and each United States court of aplace subject to the jurisdiction of the United States shall havejurisdiction of actions brought under this title [42 U.S.C. § 2000e
et seq.]. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice. . . ." (Emphasis added.) 42 U.S.C. § 2000e-5
(f)(3). Tavares brought her action in the state court in the judicial district of Waterbury, which is the judicial district in which unlawful employment practices were CT Page 14788 alleged to have been committed and where Tavares was employed by Barbour Threads. Therefore, the court has subject matter jurisdiction over the ADA claim.
As to count three, alleging a violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., this court has subject matter jurisdiction given the explicit statutory language contained in 29 U.S.C. § 626 (c), which states: "Any person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purpose of this Act:. . . ." "[The Connecticut Supreme Court's] conclusion from the federal law of ADEA jurisdiction finds support in the inferences to be drawn from the Congressional decision to confer upon state courts concurrent jurisdiction over ADEA claims. Although Congress was free to choose otherwise; Gulf Offshore Co. v. Mobil Oil Corp.,453 U.S. 473, 477-78, 101 S.Ct. 2870, 69 L.Ed.2d 784 (1981); it undeniably decided to make state as well as federal courts an available forum for the vindication of federal age discrimination claims." Joo v. Capitol Switch, 231 Conn. 328, 338-39,650 A.2d 526 (1994)
As to count seven, alleging a violation of the Family Medical Leave Act (FMLA), 29 U.S.C. § 2617 et seq., this court has subject matter jurisdiction in light of the grant of concurrent jurisdiction in 29 U.S.C. § 2617 (a)(2), which states: "An action to recover the damages or equitable relief prescribed . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees. . . ." Given the foregoing concrete statutory language, state courts were explicitly given concurrent jurisdiction over claims alleging violations of the FMLA.
Accordingly, the defendant's motion to dismiss counts one, three and seven for lack of subject matter jurisdiction is denied.
SANDRA VILARDI LEHENY, J.